UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSE RIVERA | ) | |
| | ) | |
| v. | ) | C.A. NO: 05-490T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR OTHERWISE CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by an through its attorneys, Robert Clarke Corrente, United States Attorney for the District of Rhode Island, and Gerard B. Sullivan, Assistant U.S. Attorney, and hereby objects to the defendant's Motion to Vacate, Set Aside, or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255 for the reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

GERARD B. SULLIVAN
Criminal Chief
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January, 2006, I caused to be sent a true copy of the within Government's Objection to Petitioner's Motion to Vacate, Set Aside, or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255 to:

Jose Rivera
04-045-017
FCI - Raybrook
P.O. Box 300
Old Ray Brook Road
Ray Brook, NY 12977-0300

K Anderson

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSE RIVERA | ) | |
| | ) | |
| v. | ) | C.A. NO: 05-490T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR OTHERWISE CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

## I. INTRODUCTION

The petitioner, Jose Rivera ("RIVERA"), late filed a motion pursuant to 28 U.S.C. § 2255 on November 25, 2005. He raises one claim of ineffective assistance of counsel based on the unsupported assertion that he was denied his right of appeal.[1]

Rivera's claim is without merit because there was no appealable issue in his case. Therefore, he suffered no prejudice and his counsel was not ineffective. The motion can be decided on the pleadings and no hearing is required. The government requests that Rivera's motion be denied and dismissed.

## II. TRAVEL

On April 7, 2004, a grand jury of the District of Rhode Island indicted Rivera on one count of possession with intent to distribute in excess of 50 grams of cocaine base in violation of

[1]Local Rule 57.1(d) provides, if a petitioner makes a claim of ineffective assistance of counsel based on counsel's failure to file a direct appeal, the petitioner shall append to his petition a sworn statement regarding the discussion the petitioner had with counsel regarding an appeal, specifically stating: (1) whether counsel asked whether the petitioner wished to appeal; and (2) whether petitioner ever told counsel that he wished to appeal. Rivera failed to follow the local rule but has filed pro se. Presumably, he will cure this defect. If he does not, his petition may be dismissed on this basis.

21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). On June 25, 2004, he pled guilty to the offense. On September 17, 2004, Rivera was sentenced, without objection, after the application of the Safety Valve provision, and at the low end of the sentencing guideline range, to a term of imprisonment of 108 months, 5 years supervised release, and special assessment of $100.00. The Judgment of Conviction was signed on October 14, 2004. No appeal was filed. Rivera had until October 14, 2005 to file for post conviction relief. He late filed this petition on November 25, 2005.[2]

## III. LAW

### A. MOTIONS UNDER 28 U.S.C. § 2255

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he has been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

---

[2]Congress imposed a one-year period of limitation for filing § 2255 motions, by passage of the Anti-Terrorism and Effective Death Penalty Act. With certain exceptions, none of which are applicable here, that statute provides that the one-year period typically begins to run "from the date on which the judgement becomes final." See 28 U.S.C. § 2255(1). Rivera's conviction became final on October 14, 2004. Hence, he is time barred from filing a § 2255 motion.

In United States v. Addonizio, 442 U.S. 178, 184-185 (1979), the Supreme Court Stated:

> It has, of course long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment ... [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited... The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'... Similar limitations apply with respect to claimed errors of fact.

See also Davis v. United States, 417 U.S. 333, 346 (1974). A collateral attack may not substitute for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on a direct appeal. A defendant cannot raise in a federal habeas proceeding issues which he failed to raise at trial or on direct appeal absent a showing of cause for the failure and a showing of prejudice. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

B. ENTITLEMENT TO A HEARING

Section 2255 provides that the court should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 Rule 4(b) of the rules governing Section 2255 proceedings for the United States District Courts provides in pertinent part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." Id. The burden is on the movant to prove by a preponderance of the evidence that he is entitled to a hearing. Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1998).

In considering a motion under § 2255, the district court should accept the movant's allegations as true "except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than facts." United States v. Moscruera, 845 F.2d 1122, 1124 (1st Cir. 1988).

The First Circuit has stated that no hearing is required where the § 2255 motion: (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case. Moran v. Hogan, 494 F.2d 1220, 1222, (lst Cir. 1974); United States v. Carbone, 880 F.2d 1500, 1502 (lst Cir.), cert. denied, 493 U.S. 1078 (1990). Moreover, the First Circuit also held that "no hearing is required where the district judge is thoroughly familiar with the case." Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988); Panzardi-Alvarez v. United States, 879 F.2d 975 n.8 (lst Cir. 1989). A district judge's personal observation and recollection of the events at trial may, supplement the record. Gregory v. United States, 585 F.2d 548, 550 n.1 (lst Cir 1978); United States v. DiCarlo, 575 F.2d 952, 954-955 (lst Cir. 1978).

C. INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court set forth the two-prong analysis for assessing claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The party advancing the claim must show: 1) that his attorney's performance fell below an objective standard of reasonableness, and 2) that he was prejudiced as a result of his attorney's deficient performance. Id.; United States v. Caggiano, 899 F.2d 99, 101 (1st Cir. 1990). A defendant must meet the heavy burden imposed by the law for each of these prongs, to make a successful ineffective assistance of counsel claim. Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996). The defendant must establish that counsel's performance was not within the wide range of

reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir.), cert. denied, 115 S. Ct. 517 (1994).

Courts are deferential in reviewing an attorney's performance: an attorney must only provide reasonably effective assistance. Singleton, 26 F.3d at 238. The court must scrutinize counsel's conduct on the "... totality of the circumstances before it, and making every effort to eliminate the distorting effects of hindsight." Id. (quoting United States v. Nantel, 938 F.2d 302, 309-310 (1st Cir. 1993)). There is a "strong presumption that conduct falls within this wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1995)). Counsel need not jump through every conceivable hoop, nor engage in futile exercises, in order to be considered effective. United States v. Cronic, 466 U.S. 648, 656 n.19 (1984). Even if the defendant proves that counsel's performance was objectively unreasonable, he cannot prevail unless he can also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Perron v. Perrin, 742 F.2d 669, 673 (1st Cir. 1984)(quoting Strickland, 466 U.S. at 693-694)(emphasis supplied). Thus "the court must not only find that defense counsel's performance was deficient, but that it was so prejudicial as to undermine confidence in the outcome." Strickland, 466 U.S. at 689. If a claim of ineffective counsel can be disposed of on the ground of lack of prejudice, the court should do so. Perron, 742 F.2d at 673. The defendant's motion presents such a claim.

## IV. ARGUMENT

Rivera filed his motion out of time. He is procedurally defaulted and his claim, even if it had merit, should be dismissed on this basis alone. Rivera's claim is without merit and can be denied on procedural and substantive grounds.

Rivera's plea of guilty was accepted by the Court at sentencing on September 17, 2004 (Tr. at p.3).[3] Thereafter, a Presentence Report ("PSR") was prepared and published. Rivera filed no objection to the PSR, nor did Rivera raise any factual disputes at sentencing (Tr. at p.3) Indeed, Rivera does not now complain that his lawyer missed any sentencing issue.

A guidelines departure was not requested by the government nor imposed by the Court. Furthermore, Rivera was found to be eligible for the Safety Valve provision, at the government's request, based on his cooperation with the police upon his arrest (Tr. at p.7). Moreover, Rivera was sentenced to the lowest permissible guideline sentence (Tr. at p.10).

Rivera was informed of his right to an appeal (Tr. at p.11 ). In fact, the sentencing Judge observed, "I don't believe there is any issue that you could raise on appeal here. You pled guilty. There are no disputed facts that came in to play in calculating your guideline range. You were sentenced at the low end of the range, so I don't think there's any appealable issue here ..." (Tr. at p.11). Now, Rivera merely alleges in a one sentence complaint, "Despite my explicit request to counsel to file a notice of appeal, Ms. Emila Vaziri, failed to so file."

In <u>Ferguson v. United States</u>, 699 F.2d 1071 (11th Cir.1983), a case that was superseded by the Sentencing Guidelines, the Court recognized that the failure of an attorney to file an appeal after a trial, where the defendant requests such an appeal, constitutes ineffective assistance

---

[3]A copy of the sentencing proceedings is appended to this Memorandum.

of counsel. Id. at 1073. The Court held, however, that the failure by counsel to file an appeal after a guilty plea does not constitute ineffective assistance of counsel. Id. The Court noted that a defendant who pleads guilty generally has no right to a direct appeal, and so suffers no harm where counsel fails to file an appeal.

Ferguson was decided in 1983, prior to the Sentencing Guidelines. Under the Guidelines, a defendant has the right to directly appeal the sentence even though he pled guilty. See Montemoino v. United States, 68 V.3d 416, 417 (11th Cir.1995); Martin v. United States, 81 F.3d 1083 (11th Cir.1996). Thus, under the Guidelines, a defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even after the defendant pled guilty. In Rivera's case, however, there were no sentencing issues presented. Rivera does not even attempt to identify any now. There was nothing to appeal. Therefore, he suffered no prejudice.

Rivera's § 2255 petition may not do service for an appeal. No appeal was filed in this case. Rivera must therefore establish cause and prejudice for his failure to file. He claims that the fault lies with his attorney for failing to follow his instruction to file an appeal. Even if he could establish ineffective assistance of counsel, Rivera could not prevail because he suffered no prejudice. He does not, and under the circumstances, can not, identify any possible basis for a successful appeal. Rivera's ineffective assistance claim fails for the same reason. The court need not even reach the question of whether or not Rivera's attorney was objectively reasonable in not filing an appeal because if the Court can decide the Strickland test on the second prong, lack of prejudice, it is instructed to do so. Perron, 742 F.2d at 673.

Rivera pled guilty to this offense; did not dispute the PSR; benefitted from the Safety Valve; was sentenced at the low end of the guideline range; and does not even attempt to identify

an appealable issue of guilt or improper sentence. He fails to establish ineffective assistance and therefore establishes neither cause nor prejudice. His petition should be denied.

## V. CONCLUSION

For all of the foregoing reasons, Rivera's petition should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Gerard B. Sullivan

GERARD B. SULLIVAN
Criminal Chief
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January, 2006, I caused to be sent a true copy of the within Government's Memorandum of Law in Support of its Objection to Petitioner's Motion to Vacate, Set Aside, or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255 to:

Jose Rivera
04-045-017
FCI - Raybrook
P.O. Box 300
Old Ray Brook Road
Ray Brook, NY 12977-0300

K. Anderson