IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | C.R. 04-45T |
| VS. | * | September 17, 2004 |
| JOSE RIVERA, a/k/a JUAN PELLERANO | * | 10:00 A.M. |
| | * | Providence, RI |

* * * * * * * * * * * * * * * * *

BEFORE THE HONORABLE ERNEST C. TORRES

CHIEF DISTRICT JUDGE

**(SENTENCING)**

APPEARANCES:

FOR THE GOVERNMENT: Stephen G. Dambruch, AUSA
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

FOR THE DEFENDANT: W.G. Grande & E. Vaziri Law, Inc.
By: Emili B. Vaziri, Esquire
160 Plainfield Street
Providence, RI 02909

COURT REPORTER: Angela M. Reynolds, RPR-FCRR
One Exchange Terrace
Providence, RI 02903

**17 SEPTEMBER 2004 - 10:00 A.M.**

THE COURT: Good morning.

THE CLERK: This is Criminal Action 04-45T, United States of America versus Jose Rivera.

THE COURT: This case is here for sentencing. The defendant having previously pled guilty to a charge of possessing more than 50 grams of cocaine base with intent to distribute.

I believe Mr. Rivera's plea was conditionally accepted by the Court, the condition being that counsel was going to check with medical officials to confirm that the medications that he was taking did not interfere with or impair his ability to understand the nature of the charges and the consequences of pleading guilty. Have you done that, Ms. Vaziri?

MS. VAZIRI: Yes, your Honor. I provided that document to the Court this morning. Apparently he's on what they call INH, and I spoke with someone at the nursing staff at the Wyatt detention facility and they advised me that it would not impair his ability to either plead guilty or be sentenced today.

THE COURT: Mr. Rivera, do you agree that that medication that you're taking does not affect your ability to understand the charges and make an intelligent decision about pleading guilty?

THE DEFENDANT: Yes, your Honor.

THE COURT: Then the Court will finally accept the plea of guilty.

Now, as I understand it, there are no objections either by the Government or the defendant to the presentence report; is that correct?

MS. VAZIRI: That's correct, your Honor, none from the defendant.

MR. DAMBRUCH: Yes, your Honor, same for the Government.

THE COURT: The Court has reviewed the presentence report and finds that the probation officer has correctly calculated the net offense level here as Level 31, the criminal history category as Category 1, and the guideline range as 108 to 135 months. And that takes into account the Safety Valve adjustment that Mr. Rivera received.

At this time, and I'm using the name Rivera, but I see from the presentence report that your correct name is Juan Pellerano; is that correct?

THE DEFENDANT: Yes, your Honor.

THE COURT: At this time, Mr. Pellerano, you have the right to address the Court and say anything that you think should be considered in determining your sentence. Is there anything that you would like to

say?

THE DEFENDANT: Yes, your Honor. I would like to read in a statement.

"Honorable Judge Torres: I want to express my deepest and sincere apologies to the City of Providence, Rhode Island and to the Government of the United States of America for having violated the laws imposed by this country, morally and criminally as well. I also want to say sorry to every member of my family, because in one way or another, I have failed to their expectation and make them go through this shameful moment with me. Thanks to God, my wife and love, Wildress Medina, and my two adorable angels, Justin and Kimberly Medina, 5 and 2 years old, have been my principal motive of strength and hope to stand through this whole situation. With the blessing of such a wonderful and lovely family, I have been able to face the most stressed moment of my life. Today, Friday, September 17, 2004, I'm in front of you, your Honor, ready to be sentenced for the biggest mistake of my life. And if there were time to ask for a second chance, this is the right time because I feel completely ashamed of what I have done. That's why I will say sorry to this Court and every citizen of Providence. Your Honor, I don't want you to -- your

Honor, I don't want other people in this courtroom to think of me as a dangerous, dishonorable person. I'm just another victim of so many desperate and frustrated times that a person goes through when all the getaway doors happens to be closed, and it really gets real hard and difficult to reach out for our goals in our life. With this statement I'm not trying to justify my felony, but if I would have a different immigration status, my condition as a person and the development of my life in this country would have been a successful one, and in that way I wouldn't be what I am right now. Your Honor, with this I confess that I tried every honorable and possible thing to be a simple family man, but for the mistakable friendship of a few, I ended up being used and pay for the biggest mistake that a man who loves his family can be. Being involuntarily put away from the loved ones, exposing them to more suffering with the lack of a son, lack of a husband, and the lack of a father. With all this, I just want to say I'm sorry, and I hope to make the best of my situation. Thank you."

THE COURT: Ms. Vaziri, do you have anything? You may be seated, Mr. Pellerano.

MS. VAZIRI: Yes, your Honor, just briefly. Keeping Mr. Pellerano's statement in mind, I just want

the Court to be mindful that when this defendant is sentenced, he basically is punished in three ways: One, for the underlying charge; two, that when he is actually imprisoned, he won't be able to avail himself of certain programs that would actually lessen his time, so he will receive, in essence, a little bit more of a punishment by serving more time, based on the fact that he won't be able to avail himself of the drug program or a halfway house; and then thirdly, your Honor, as a result of this sentence he will be deported. He understands that, and he will never be able to return to the United States again. Based on those factors, and the fact that with his acceptance, Judge, he didn't just sign a letter of acceptance to this Court, he accepted responsibility right from the time he was arrested. He, when the police questioned him, he gave a statement against himself accepting the fact that the drugs in his possession were, in fact, his. He in no way has tried to deny the fact as to what he's done, and he, I believe he is truly remorseful, and we ask this Court to sentence him to the least amount of time possible within the guideline range.

THE COURT: Mr. Dambruch?

MR. DAMBRUCH: Yes, your Honor.

Your Honor, based upon the guideline calculations, the defendant faces a penalty of between 108 to 135 months. At this point in time, the Government would recommend to the Court the low end of that guideline range. Because the defendant is eligible for the Safety Valve provision, the Government's not compelled to recommend the low end pursuant to our plea agreement, but we would based upon the fact that this defendant did cooperate with the police upon his arrest and has further demonstrated that cooperation through the safety valve process, including an interview that was conducted with him in which the officers reported that he was very cooperative and willing to provide information with regard to his wrongdoing to them.

Furthermore, your Honor, a check of this defendant's criminal history reveals that although he has been arrested before for a narcotics violation, he does not have any record of conviction. So that also contributed to the Government's willingness to still recommend the low end of the guideline.

With regard to the supervised release, your Honor, I would recommend five years supervised release after he completes his sentence of incarceration and a $100 mandatory assessment. The Government is not

recommending a fine for the Court in that from reviewing the financial statements it does not appear this defendant would have the ability to pay, and also the Government expects that the defendant will be deported based upon this conviction. Thank you.

THE COURT: Would you stand up, please, Mr. Pellerano, while the Court imposes sentence.

What I heard here from you this morning and what I see in the presentence report appear difficult to reconcile. I have the feeling in listening to you that you are sincere in your statement that you regret what you did and your desire to be a good family man. But you mentioned a couple of things that maybe you haven't really reflected on, they don't really ring very true to me. One is you said that you wanted a second chance. You've had a second chance because you were arrested in 1999, I believe it was -- 1998 -- for a very similar offense. Now, it's true that you haven't been convicted of that, and I don't consider you guilty of that offense unless and until you're convicted. The reason your case hasn't been disposed of, apparently you didn't show up when you were supposed to. But the only point is, the only point I'm making here is that that should have been a wake-up call, and that was your first chance. So it's hard to reconcile your desire

for a second chance, unless what you meant was a third chance, it's hard to reconcile your desire for a second chance with that.

Secondly, you mentioned your family. And as I say, I believe you're sincere about that, but perhaps you haven't thought about what this kind of an offense does to other people's families when you are distributing these drugs. Somebody is taking them and that somebody is someone else's child, whether they're a young child or an older person, they're still somebody's child. And this kind of thing ruins their lives. It ruins other families. So maybe you ought to reflect on that as well. Maybe that is part of the reason that you have expressed regret for what you've done. I hope so.

In any event, in determining where to sentence you within the guideline range, I usually start with the assumption that the sentence ought to be in the middle of the range unless I see some reason for making it higher or lower. In your case, as I say, I was impressed by your statement or at least the sense that I got about what kind of a person you are and what desire you have to turn over a new leaf. And also the Government has recommended a sentence at the low end of the range, and as Mr. Dambruch has said, they're doing

this not because they had to under the terms of the plea agreement, but because they think it's appropriate. So I'm going to go along with that, and I'm going to sentence you at the low end of the guideline range.

So I hereby commit you to custody of the Bureau of Prisons for a period of 108 months. Following the completion of your sentence I place you on supervised release for a period of five years. And as a condition of your supervised release, will require that if you are deported, as you most likely will be, that you not return to the United States during the period of supervised release. Now, what that means, Mr. Pellerano, is that if you're deported, that's a decision that's not made by the Court, but rather by the immigration authorities, if you are deported you can never return to the United States without the permission of the Attorney General. If you return during the five-year period of supervised release, you will be committing two offenses, you will be illegally entering the country, and you will be violating the terms of your supervised release and you can be punished for either or both of those offenses. If you return after the period of supervised release has expired, you still will be committing the offense of

illegally reentering the country unless you have the permission of the Attorney General. I'm not going to impose any fine in this case because the presentence report indicates that you don't have any assets with which to pay a fine. That would simply be punishing your family. But I am required to impose a special assessment of $100.

You may be seated, Mr. Rivera or Mr. Pellerano.

THE DEFENDANT: Thank you, your Honor.

THE COURT: I don't believe there is any issue that you could raise on appeal here. You pled guilty. There are no disputed facts that came in to play in calculating your guideline range. You were sentenced at the low end of the range, so I don't think there's any appealable issue here, but you can talk to your counsel after this is over and if she thinks that you do have basis for an appeal, you can proceed from there.

Mr. Dambruch, do you have anything further?

MR. DAMBRUCH: No, your Honor, I do not.

THE COURT: Ms. Vaziri, do you have anything further?

MS. VAZIRI: No, your Honor.

THE COURT: Court will be in recess.

(ADJOURNED 10:40 A.M.)

C E R T I F I C A T I O N

I, Angela M. Reynolds, RPR-FCRR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

Angela M. Reynolds
Angela M. Reynolds, RPR-FCRR

12-28-05
Date: