UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSE RIVERA )
)
v. ) C.A. NO: 05-490T
)
UNITED STATES OF AMERICA )

**GOVERNMENT'S ADDENDUM TO IT'S MEMORANDUM OF LAW IN SUPPORT OF IT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR OTHERWISE CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

In the original response, the government incorrectly calculated the one-year period of limitation for filing §2255 motions. The government calculated the running of the period from the date the Judgement of Conviction was signed, October 14, 2004. Actually, Rivera should be credited with an extra ten days, representing the period in which he could have, but did not, file an appeal. In an effort to correct its miscalculation, the government files this addendum. The error is merely technical and does not effect the analysis. Rivera is still defaulted even under the corrected calculation.

The majority rule, expressed mainly in dicta, is that, in a case where the petitioner never took a direct appeal, the conviction "becomes final" ten days after the date when the district court enters the judgment of conviction on the docket sheet, meaning that the petitioner gets the benefit of the ten-day period in which he could have filed a notice of appeal under Fed.R.App. 4(b). United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001); Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); United States v. Tush, 151 F.Supp.2d 1246, 1248 (D. Kansas 2001); aff'd, 287 F.3d 1294 (10th Cir. 2002). The minority rule is that the petitioner does not get the benefit of the extra ten days

in which he could have (but did not) file a direct appeal. United States v. Sanders, 247 F.3d 139, 142 (4th Cir.), cert. denied, 122 S.Ct. 573 (2001).

The Judgement of Conviction in Rivera's case was signed on October 14, 2004. Therefore, Rivera's petition was due to be filed on or before October 25, 2005. His petition was certified as mailed on November 21, 2005. His petition was filed by the Court on November 25, 2005.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Gerard B. Sullivan

GERARD B. SULLIVAN
Criminal Chief
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of February, 2006, I caused to be sent a true copy of the within Government's Addendum to it's Memorandum of Law in Support of its Objection to Petitioner's Motion to Vacate, Set Aside, or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255 to:

Jose Rivera
04-045-017
FCI - Raybrook
P.O. Box 300
Old Ray Brook Road
Ray Brook, NY 12977-0300

[signature]